Grahame Thomas SMALLWOOD, Jr., et al., Appellants,

v.

Viola A. HODSON et al., Appellees.

Nos. 13201, 13202.

United States Court of Appeals District of Columbia Circuit.

Argued March 28, 1957.

Decided May 29, 1957.

Petition for Rehearing Denied July 2, 1957.

Writ of Certiorari Denied Oct. 28, 1957. See 78 S.Ct. 93.

Mr. Arthur J. Hilland, Washington, D. C., with whom Messrs. Paul M. Niebell and Thomas N. Kindness, Washington, D. C., were on the brief, for appellants.

Mr. Thomas M. Raysor, Washington, D. C., with whom Mr. Carlton L. Saunders, Rockville, Md., was on the brief, for appellees.

Mr. Paul B. Cromelin, Washington, D. C., also entered an appearance for appellees.

Before WASHINGTON, DANAHER and BURGER, Circuit Judges.

PER CURIAM.

These are appeals from judgments of the District Court sustaining the valid-

ity of a deed and of a will, both documents having been executed by the decedent on the same day. The deed case was tried by the judge sitting without a jury; the will case was tried before a jury.

Plaintiffs-appellants complain of the exclusion in both cases of certain evidence. The affidavits of two doctors, which were attached to a lunacy petition signed and filed by defendant-appellee Hodson with respect to the decedent, were excluded. But the substance of these affidavits was repeated in the petition itself, which was before the court and jury. Hence the affidavits would have added nothing to the record as admissions by Mrs. Hodson against her interest—the only purpose for which they were offered. Similarly, the exclusion of a hospital record containing a statement as to the decedent's physical and mental condition in 1953 and the early months of 1954, indicated by the hospital record as having been made orally to a hospital doctor by Mrs. Hodson, was not in our view prejudicial. Mrs. Hodson was called as an adverse witness by appellants, and an effort could have been made to elicit testimony from her on all of the matters recited in her purported statement; if her testimony was inconsistent with the statement, appropriate steps could have been taken to attempt to discredit her, as by calling the doctor. This last was not done. In the circumstances, the exclusion of the affidavits and the hospital record, even if erroneous—points which we do not find it necessary to decide—does not appear to be "inconsistent with substantial justice." See Rule 61, Fed.R.Civ.P. 28 U.S.C.A. Reversal for a new trial is not warranted in either case because of the exclusion of this evidence.

In No. 13,202, the will case, we cannot say that the supplemental instructions to the jury, taken as a whole, adversely affected the substantial rights of the appellants.

The judgments of the District Court will accordingly be

Affirmed.